***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 20, affirmed October 25, petition for review denied December 21, 2023  (371 Or 771)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS FRANKLIN GILKEY, JR.,
*Defendant-Appellant.*
Marion County Circuit Court
20CR05450; A177936

Donald D. Abar, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction, following a guilty plea, for three counts of first-degree sexual abuse, ORS 163.427,[1] involving his two step-granddaughters, D and S. On appeal, defendant presents a single assignment of error, challenging the 75-month prison sentence imposed for each count respectively. He argues that given his age, health, lack of criminal history, and psychological examination that suggested that he was amenable to reformation and unlikely to reoffend, his sentences are constitutionally disproportionate under Article I, section 16, of the Oregon Constitution.[2] We conclude that defendant's sentences do not violate the constitution and therefore affirm the trial court's judgment.

We review for legal error whether a sentence is constitutionally disproportionate under Article I, section 16. *State v. Hawthorne*, 316 Or App 487, 502, 504 P3d 1185 (2021), *rev den*, 369 Or 856 (2022). "In conducting that review, we are bound by any findings of historical fact that the trial court may have made, if they are supported by evidence in the record." *Id.* With that standard in mind, we provide some background and recount the facts necessary to explain our ruling.

The state initially indicted defendant with one count of first-degree sodomy involving D and two counts of first-degree sexual abuse involving S, for conduct that allegedly occurred on separate occasions. At the time of the respective conduct, both D and S were younger than 14 and were under defendant's care, as defendant looked after them while their parents were at work. Defendant ultimately entered into an agreement with the state to plead guilty in exchange for the state amending the indictment to substitute the sodomy charge for another first-degree sexual abuse charge. The stipulated amended indictment, to which defendant pleaded guilty, alleged that defendant had subjected D and S to

---

[1] "A person commits the crime of sexual abuse in the first degree when that person * * * [s]ubjects another person to sexual contact and * * * [t]he victim is less than 14 years of age." ORS 163.427(1)(a)(A).

[2] The Oregon Constitution provides that "all penalties shall be proportioned to the offense." Or Const, Art I, § 16.

sexual contact during separate occasions by touching D's vagina and S's pelvic area and genitals. The court convicted defendant of the charges as amended.

During defendant's sentencing hearing, both children's parents as well as S made statements, and S read a note written by D. Those statements included, among other things, that due to defendant's conduct, D was diagnosed with post-traumatic stress, suicidal, in treatment for depression, and was not in person in court on that day because she was "too anxious" to be in defendant's presence. S, who was present during the sentencing hearing, stated that defendant "traumatized" her into not trusting others, and that she was scared that defendant would appear at her school, her home, or her work.

The trial court, partially agreeing with the state's recommendation, sentenced defendant pursuant to ORS 137.700(2)(a)(Q) (Ballot Measure 11) to 75-month prison sentences on each count, with 50 months of the sentence in Count 2 to be served consecutively to the sentence in Count 1 and the sentence in Count 3 to be served concurrently with the other two counts.[3] In making those determinations, the court considered several factors, including defendant's "crime-free" history, his health condition, and his age—he was 63 at the time of sentencing—which the court weighed in defendant's favor. The court also observed that defendant stipulated to the conduct described in the amended indictment and pleaded guilty to all three counts of sexual abuse, which involved separate victims and would allow consecutive sentences.[4] Furthermore, the court noted that, based on the facts presented, "the abuse took place over [an] extended period of time" and caused "extreme or significant mental and emotional damage" to both D and S, who were "vulnerable" victims in the court's view "given the nature of *** defendant's position within the family." The court then

_____

[3] The state recommended that the court sentence defendant under Ballot Measure 11 to consecutive 75-month prison sentences on all three counts. *See* ORS 137.700(2)(a)(Q) (a first-degree sexual abuse conviction is subject to 75-month mandatory minimum term of imprisonment).

[4] *See* ORS 137.123 (1) ("A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant.").

concluded that defendant's 75-month prison sentences, as stated above, were appropriate.

On appeal, defendant argues that his three 75-month prison sentences violated Article I, section 16. His argument is limited to contending that those sentences are disproportionate as applied to him, given his age, health issues, absence of criminal history, and a psychological examination that suggested that he was amenable to reformation and unlikely to reoffend. The state disagrees, arguing that defendant's sentences are not disproportionate under the applicable standards. In his reply, defendant asks us to disregard the state's argument, contending that the state based that argument on conduct that relates to the first-degree sodomy charge, which was removed from the indictment, rather than on the conduct to which defendant pleaded guilty.

Regardless of the state's argument on appeal, based on the record before the trial court, we conclude that the court did not err in applying the mandatory minimum sentences to defendant. When applying a mandatory minimum 75-month prison sentence pursuant to ORS 137.700, a trial court shall depart from that requirement if the court finds that the respective sentence would be unconstitutionally disproportionate; that is, when the court finds that a sentence would "shock the moral sense" of reasonable people. *State v. Wheeler*, 343 Or 652, 668, 175 P3d 438 (2007); *see also State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009) (Article I, section 16, proportionality analysis requires the court to observe three factors: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant").

Here, we conclude that defendant's sentences for first-degree sexual abuse offenses, which are based on conduct that falls squarely within the type of conduct covered by ORS 163.427, are not constitutionally disproportionate. The trial court's findings—which are supported by the record—support a conclusion that those sentences would not "shock the moral sense" of reasonable people as required under

the legal standard set forth in *Rodriguez/Buck*.[5] First, the conduct to which defendant pleaded guilty in the stipulated amended indictment occurred during an extended period of time and was "repeated." *See State v. Camacho-Garcia*, 268 Or App 75, 83, 341 P3d 888 (2014), *rev den*, 357 Or 164 (2015) (a 75-month prison sentence for a first-degree sexual abuse conviction was not disproportionate where the related conduct was "repeated" and thus "more likely to be psychologically damaging"). Second, defendant's conduct was perpetrated against two vulnerable victims, given defendant's relationship to them, and in fact caused "extreme or significant mental and emotional damage" to those victims. *See id.* at 82 (the defendant's step-parent type role in the parties' relationship added to the gravity of the conduct).

Indeed, defendant could have been sentenced under ORS 137.700 to three consecutive 75-month prison sentences, but the trial court applied a partially consecutive penalty on Count 2 and a concurrent penalty on Count 3. In deciding not to impose consecutive sentences for all counts, the court considered the same factors that defendant asks us to consider on appeal, including his age, health condition, and absence of a criminal history. Because the trial court already considered those factors in sentencing defendant, and because applying the mandatory minimum sentence to his crimes would not "shock the moral sense" of reasonable people in light of his conduct, we conclude that his sentences did not violate Article I, section 16. Accordingly, the trial court did not err.

Affirmed.

---

[5] Because defendant does not argue that his sentences were too severe in comparison to the gravity of his offenses or to other related crimes, we need not to conduct a detailed assessment of the *Rodriguez/Buck* factors.